1  MARTIN CARAVES, SBN: 297285
   TORRES & CARAVES LAW, APC.
2  1211 Embarcadero, Suite# 210
   Oakland, CA 94606
3  Tel: 510-953-5551
4  FaX: 510-298-5620
   Email: martin@caraveslaw.com
5
6  Attorney for Defendant
   AVELINO RAMIREZ

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| UNITED STATES OF AMERICA, | **DOCKET NO.: 3:24-CR-00564-WHO** |
|---|---|
| vs. | **JOINT SENTENCING MEMORANDUM** |
| AVELINO RAMIREZ, | |
| | Date: September 18, 2025 |
| | Time: 1:30 PM |
| Defendant. | Judge: Hon. William H. Orrick III |

Defendant AVELINO RAMIREZ, by and through counsel, and counsel for the United States, jointly submit the following Sentencing Memorandum for consideration by the Honorable William H. Orrick III, Senior United States District Judge. Consistent with the Presentence Report (PSR) and the Plea Agreement, Mr. Ramirez respectfully requests that this Court follow the recommendation of United States Probation as well as the indicated recommendation of the Government, and impose a sentence of three years' probation.[1]

---

[1] The parties concur with the PSR that there are no unresolved objections to the PSR.

1
JOINT SENTENCING MEMORANDUM

## I. INTRODUCTION

Fifty-three-year-old Avelino Ramirez stands before this Court ashamed and remorseful for his conduct. His offense represents a significant deviation from an otherwise commendable life. For over 30 years, Mr. Ramirez dedicated his life to public service. He served 14 years in the United States Navy, whereafter he was honorably discharged as a Petty Officer Second Class, and then worked for 18 years as a correctional officer with the California Department of Corrections and Rehabilitation (CDCR). (PSR at ¶¶ 50-52.) Mr. Ramirez is married to a licensed vocational nurse employed by the Napa State Hospital. (PSR at ¶ 42.) He is a father of four children who volunteers at his youngest son's school. (PSR at ¶¶ 40-44.) He is the son of a retired U.S. Naval Officer. (PSR at ¶ 33.) Until this offense, he lived his entire life without a single arrest or conviction. (PSR at ¶¶ 26-31.)

Mr. Ramirez does not make excuses for his conduct. He acknowledges that, in a misguided and selfish attempt to gain praise from his peers and supervisors, he abused the trust placed in him. (PSR at ¶ 14.) He has "clearly demonstrated acceptance of responsibility for the offense" and understands the gravity of his conduct. (PSR at ¶¶ 14, 23.) His actions were a betrayal of his own values and the culmination of poor judgment. Mr. Ramirez is committed to bouncing back from this offense and reestablishing his integrity with his family and the community. (PSR at ¶ 14.)

Given Mr. Ramirez's decades of military and law enforcement service, his lack of any criminal history, his acceptance of responsibility, real remorse, and his strong family and community ties, the defense respectfully asserts that a sentence of probation is "sufficient, but not greater than necessary" to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a)(2).[2]

## II. PLEA AGREEMENT

On June 12, 2025, Mr. Ramirez pled guilty in Docket No. 3:24-CR-00564 to Wire Fraud, in violation of 18 U.S.C. § 1343 (Count Two). (PSR at ¶ 2.) He did so pursuant to a plea agreement wherein he agreed to pay full restitution, totaling $8,200. (PSR at ¶ 3.) Under the plea agreement, the government agreed to recommend a sentence of probation unless Mr.

---

[2] As discussed by United States Supreme Court Justice Anthony Kennedy, "our resources are misspent, our punishments too severe, our sentences too long." (Justice Kennedy's speech at the Aug. 9, 2003 annual meeting of the American Bar Association.) Therefore, a sentence that is no longer than necessary and one that does not spend our prison resources on a defendant not worthy of incarceration to promote correction or rehabilitation is a reasonable approach.

Ramirez violates the terms of the plea agreement or fails to accept responsibility, neither of which have occurred. (PSR at ¶¶ 3, 14, 23.) The plea agreement reserves Mr. Ramirez's right to seek a downward variance based on factors set forth in 18 U.S.C. § 3553(a) (Plea Agreement, ¶ 6); however, given the guideline sentencing range, he does not request a variance here.

### III. UNITED STATES SENTENCING GUIDELINE ADVISORY CALCULATIONS

The Parties and the United States Probation Department are in agreement as to the applicable advisory U.S.S.G. calculations the Court should adopt in this case:

1. Base Offense Level 7 (2B1.1(a)(1);

2. Increase 2 levels based on specific offense characteristics, specifically, a loss of more than $6,500 (§2B1.1(b)(1)(B) [+ 2]), resulting in an Adjusted Offense Level 9;

3. Decrease by 2 levels for Zero-Point Offender (U.S.S.G. §§4C1.1(a) and (b)) and decrease by 2 levels for Acceptance of Responsibility (U.S.S.G. §3E1.1(a));

4. Resulting Total Offense Level 5.

(PSR at ¶¶ 16-24.)

The PSR further finds Mr. Ramirez has a total Criminal History Score of zero, resulting in a Criminal History Category I. (PSR at ¶ 28.) The resulting guideline imprisonment range is 0 to 6 months. (PSR at ¶ 58.) Moreover, because Mr. Ramirez's applicable guideline range is in Zone A of the Sentencing Table, a sentence other than a sentence of imprisonment is generally appropriate. (PSR at ¶ 59; USSG §5C1.1(b).)

U.S. Probation recommends a sentence of three years' probation. (PSR, Sentencing Recommendation, page 2.)

### IV. A SENTENCE OF PROBATION WITHOUT A CONDITION OF CONFINEMENT IS APPROPRIATE FOR MR. RAMIREZ.

The probation statute, 18 U.S.C. § 3561, provides:

A defendant who has been found guilty of an offense may be sentenced to a term of probation unless –

(1) the offense is a Class A or Class B felony and the defendant is an individual;
(2) the offense is an offense for which probation has been expressly precluded; or
(3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense.

Here, Mr. Ramirez pled guilty to a violation of 18 U.S.C. § 1342 (Count Two), which is a Class C felony, and not one for which probation has been expressly precluded. (PSR at ¶¶ 28,

58.) U.S.S.G. § 5B1.1(a) provides that, subject to the restrictions in § 3561, a sentence of probation is authorized if the applicable guideline range is in Zone A or B of the Sentencing Table. Moreover, under U.S.S.G. § 5B1.1(b), if the applicable guideline range is in Zone A of the Sentencing Table, a sentence of imprisonment is not required.

Here, the applicable guideline range for a total offense level 5 and a criminal history category of I is in Zone A of the Sentencing Table. (PSR at ¶¶ 28, 58.) Thus, a sentence of probation is authorized and a sentence of imprisonment is not required.

Based on the mitigating factors discussed below, Mr. Ramirez respectfully requests that this Court follow the recommendation of Probation as well as the Government's indicated request, and sentence him to probation for a term of three years.

V.  **THE 18 U.S.C. § 3553(A) FACTORS FURTHER ESTABLISH THAT A SENTENCE OF PROBATION WITHOUT A CONDITION OF CONFINEMENT IS WARRANTED.**

*United States v. Booker*, 543 U.S. 220 (2005) dramatically changed sentencing in the Federal Courts, rendering the Sentencing Guidelines advisory only, and instructing sentencing courts to consider the Guidelines in the context of all those factors enumerated in Title 18 U.S.C. § 3553(a), and then hand down a sentence that is "not greater than necessary" to fulfill the goals therein expressed. Consistent with *Booker*, this Court stands as the arbiter of a just and proper sentence, empowered and required to "make an individualized assessment" of a just sentence pursuant to the factors presented in 18 U.S.C. § 3553(a). (*Gall v. United States*, 552 U.S. 38, 50 (2007); *see U.S. v. Booker*, *supra*, 543 U.S. 220.)

The Supreme Court has since held: "Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable." (*Nelson v. United States*, 555 U.S. 350, 352 (2009); *United States v. Rita*, 551 U.S. 338, 351 (2007).) Rather, "the punishment should fit the offender and not merely the crime." (*Pepper v. United States*, 131 S.Ct. 1229, 1240 (2011) [internal quotations and citations omitted].)

Accordingly, the below listed § 3553(a) factors must be considered in their entirety in determining the particular sentence to be imposed:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;[3]

---

[3] To consider the "history and characteristics of the defendant," the sentencing courts must now consider factors the Guidelines only allowed for in unusual or extraordinary cases (i.e.: Age, U.S.S.G. 5H1.1; Education and Vocational Skills, U.S.S.G. 5H1.2; Mental and Emotional Condition, U.S.S.G. 5H1.3; Physical Condition Including Drug or Alcohol Dependence, U.S.S.G. 5H1.4; Employment,

(2) The need for the sentence imposed –

    a. to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense;

    b. to afford adequate deterrence to criminal conduct;

    c. to protect the public from further crimes of the defendant; and,

    d. to provide the defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner.

(3) The kinds of sentences available…

To satisfy the *Booker* mandate, the Court should calculate the appropriate Guidelines range and consider appropriate departures. Thereafter, the 3553(a) factors must be consulted and applied when relevant and meaningful. Sentencing courts shall only then "'impose a sentence sufficient, but not greater than necessary, to comply with' the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation." (*Dean v. United States*, 137 S. Ct. 1170, 1175 (2017), quoting § 3553(a).)

## VI. APPLICATION OF 18 U.S.C. 3553(A) FACTORS

In this case, applying the factors set forth in § 3553(a) supports a finding that a sentence of probation without a condition of confinement is reasonable and sufficient, but not greater than necessary, to meet the goals of sentencing. The offense conduct, while serious, stands in stark contrast to Mr. Ramirez's otherwise law-abiding life. (PSR at ¶¶ 50-52.) He is a 53-year-old man with no criminal history who has accepted full responsibility for his actions. (PSR at ¶¶ 14, 28.) These attributes support a finding that this defendant will never again transgress the law or compromise his morals.

### A. History and Character of the Defendant (§ 3553(a)(1))

"District courts now ... have the discretion to weigh a multitude of mitigating and aggravating factors that existed at the time of mandatory Guidelines sentencing, but were deemed 'not ordinarily relevant,' such as age, education and vocational skills, mental and emotional conditions, employment record, and family ties and responsibilities." (*United States v. Ameline*, 409 F.3d 1073, 1093 (9th Cir.2005).) "Matters such as age, education, mental or emotional

---

U.S.S.G. 5H1.5; **Family Ties and Responsibilities**, U.S.S.G. 5H1.6; Civic and **Military Contributions**, U.S.S.G. 5H1.11; and Lack of Youthful Guidance, U.S.S.G. 5H1.12.).

condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, family ties, or military, civic, charitable, or public service are not ordinarily considered under the Guidelines [but are] matters that § 3553(a) authorizes the sentencing judge to consider." (*Rita v. U.S.* (2007) 551 U.S. 338, 364, Stevens, J., concurring.)

Here, Mr. Ramirez's life has been characterized by service. He served honorably in the United States Navy for 14 years and was employed with the California Department of Corrections and Rehabilitation (CDCR) for 18 years following his military career. (PSR at ¶¶ 50-52.) This offense, occurring at the end of a long and otherwise unblemished career, is an aberration. Mr. Ramirez was raised in a stable home by his parents, a retired U.S. Naval Officer and a retired nurse, and he reports having been treated well. (PSR at ¶¶ 33, 35.) His self-reported Adverse Childhood Experiences (ACEs) score was zero, indicating a lack of traumatic experiences during his youth. (PSR at ¶ 48.)

Mr. Ramirez is a husband and father. He is married and has a six-year-old son with whom he is deeply involved, volunteering at his school and chaperoning events. (PSR at ¶¶ 42-44.) He also has three older children from previous marriages. (PSR at ¶¶ 40-42.) His wife remains supportive despite the stress this case has placed on their marriage. (PSR at ¶ 42.) Furthermore, Mr. Ramirez lives in close proximity to his elderly parents and assists them with household projects and vehicle maintenance. (PSR at ¶¶ 38-39.)

### B. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant Warrant a Lighter Sentence (§ 3553(a)(1)).

Mr. Ramirez acknowledges the gravity of his offense and does not seek to minimize it. As a K-9 sergeant, he violated the public's trust by planting contraband in order to fraudulently claim overtime pay. (PSR at ¶¶ 6-10.) While this conduct is serious, the total financial loss was approximately $8,200. (PSR at ¶ 11.) In his own words, Mr. Ramirez's motivation was not to fund a lavish lifestyle, but stemmed from a "selfish" desire "to be the best amongst my peers and receive praise from my peers and supervisors." (PSR at ¶ 11.) While this in no way excuses his conduct, it suggests the offense was driven by poor judgment and insecurity rather than by a hardened criminal mindset.

It is also important to note that Mr. Ramirez specifically chose to plant the items in uncontrolled areas of the prisons that were "not directly linked or associated with an inmate." (PSR at ¶ 11.) As a result, his actions did not lead to any specific inmate being falsely accused or charged with possession of the contraband he planted.

Mr. Ramirez "entered a guilty plea and was cooperative with the probation officer during

the presentence interview." (See *United States v. Robinson*, 741 F.3d 588, 599 (5th Cir. 2014) ["[A] sentencing court has the power to consider a defendant's cooperation under § 3553(a), irrespective of whether the Government files a §5K1.1 motion."]; see also *United States v. Landrón-Class*, 696 F.3d 62, 77 (1st Cir. 2012) ["Accordingly we join our sister circuits in . . . holding that, in determining the appropriate sentence within the guidelines, or in varying from the guidelines, a sentencing court has discretion to consider the defendant's cooperation with the government as a § 3553(a) factor, even if the government has not made a . . . §5K1.1 motion for a downward departure."].)

### C. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, and to Afford Adequate Deterrence to Criminal Conduct (§ 3553(a)(2)).

Mr. Ramirez has already suffered the shame of a federal conviction, lost his 18-year career and caused severe emotional pain and stress to his family. (PSR at ¶¶ 14, 51.) This, combined with a term of probation, constitutes significant and just punishment. A sentence of probation also provides both specific and general deterrence. Specifically, Mr. Ramirez is highly unlikely to reoffend. He has lost the career that provided the entire context for this offense and has expressed real remorse. (PSR at ¶¶ 14, 51.) Generally, a felony conviction for a long-time law enforcement officer sends a message that abusing a position of trust carries severe consequences. Incarceration is not necessary to achieve this goal.

Moreover, Mr. Ramirez is not a danger to the public. He has no criminal history, no history of violence, and has complied with all conditions of his pretrial release without issue. (PSR at ¶¶ 4, 28.) Finally, Mr. Ramirez has already begun the process of rehabilitation by engaging in mental health counseling to address his depression. (PSR at ¶ 47.) A sentence of probation would allow him to continue this treatment, remain a source of support for his young son and elderly parents, and pursue a new career in retirement. (PSR at ¶¶ 40-44, 53.)

Ultimately, both parties, as well as U.S. Probation, recommend a sentence of straight probation. Mr. Ramirez implores the Court to follow these recommendations. In this specific case, a sentence of probation without a condition of confinement will reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence to criminal conduct.

### D. The Kinds of Sentences Available (§ 3553(a)(3)).

This factor requires courts "to consider sentences other than imprisonment." (*Gall v. United States*, supra, 552 U.S. at 59.) The Judiciary Sentencing Information (JSIN) data provided

in the Presentence Report is instructive. For the last five fiscal years, it identifies 117 defendants with the same primary guideline (§2B1.1), Final Offense Level 5, and Criminal History Category I as Mr. Ramirez. (PSR at ¶ 76.) Of those 117 similarly situated defendants, 40 individuals—or 34%—received sentences with no term of imprisonment. Furthermore, for the 77 defendants who did receive a sentence that included some form of imprisonment, the median length of imprisonment was 0 months, and the average was only 1 month. (PSR at ¶ 76.) A sentence of probation for Mr. Ramirez would therefore align with sentences imposed on a significant number of identically situated defendants nationwide.

      E. **Need to Provide Restitution (§ 3553(a)(7))**

Mr. Ramirez fully accepts his obligation to make his victim whole and is prepared to pay the full restitution amount of $8,200, as well as any fines or fees. (PSR at ¶ 69.) Mr. Ramirez affirmed his readiness to "repay any amount owed." (PSR at ¶ 14.) The PSR confirms that he is in a financial position to do so, noting a significant positive net worth and a monthly cash flow of over $3,700. (PSR at ¶ 54.) A sentence of probation is the most effective way to ensure that Mr. Ramirez can maintain his financial stability and promptly satisfy his restitution obligation.

## VII. CONCLUSION

In sum, pursuant to 18 U.S.C. § 3553(a), the following mitigating circumstances in Mr. Ramirez's case respectfully support a sentence of probation:

1. Zero criminal history;
2. Long-standing history of gainful employment;
3. Military Contributions
4. Acceptance of responsibility;
5. Family ties, needs, and his responsibilities;
6. Payment of restitution; and
7. Complying with all conditions of release.

Based on the foregoing, Mr. Ramirez respectfully requests that this Court impose a sentence of three years' probation without a condition of confinement.

| | |
|---|---|
| **Dated: September 10, 2025** | Respectfully Submitted by: |
| | \_/S/_____ |
| | MARTIN CARAVES |
| | Attorney for Defendant |
| | AVELINO RAMIREZ |
| | |
| | CRAIG MISSAKIAN |
| | United States Attorney |
| | |
| | /S/_____ |
| | Benjamin Kleinman Assistant United States Attorney |